IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICIA KENNEDY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-343-DWD |
| ) | |
| **RS INN OF COLLINSVILLE, LLC,** *a* ) | |
| *Foreign Limited Liability Company* ) | |
| *doing business as* **FAIRFIELD INN** ) | |
| **SAINT LOUIS COLLINSVILLE,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Patricia Kennedy filed suit on April 10, 2020, alleging that Defendant RS Inn of Collinsville, LLC d/b/a Fairfield Inn Saint Louis Collinsville violated the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA") by failing to maintain websites and reservation systems that are accessible to individuals with disabilities. On May 1, 2020, Kennedy filed proof of service of process indicating that she served Defendant's registered agent, CT Corporation, at its Chicago, Illinois on April 17, 2020. On July 29, 2020, after Defendant failed to appear, Kennedy moved for entry of default. A Clerk's entry of default was made on July 30, 2020, and Kennedy moved for a default judgment on August 4, 2020.

It is a prerequisite for an entry of default that the party against whom the default is entered was served properly. Kennedy's proof of service indicates that Defendant's agent was served through an online intake system and through physical delivery to an

inbox at C.T. Corporation's Chicago office. It is not clear that method of process satisfies either Federal Rule of Civil Procedure 4(c) or Illinois's service of process rules for LLCs. Under Illinois law, an LLC must be served through its registered agent. 805 ILCS 180/1-50(a). Here, that requires service upon CT Corporation. While CT Corporation may have accepted service in the manner described on Plaintiff's proof of service in April 2020, there is insufficient information in the record to conclude that a drop box or an online intake system constitutes proper service. As such, the Court **SETS ASIDE** the Clerk's entry of default (Doc. 11) and **DENIES without prejudice** Plaintiff's motion for default judgment (Doc. 12) as premature. Plaintiff may file a new motion for clerk's entry of default, if appropriate, provided that it establishes clearly that Defendant has been served properly, or Plaintiff may seek a new summons to attempt anew proper service of process.

**SO ORDERED.**

Dated: November 9, 2010

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge